# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANARD ROBINSON,<br><br>                    Petitioner,<br><br>     v.<br><br>T. SCHWARTZ,<br><br>                    Respondent. | 1:03-cv-05684-TAG HC<br><br>ORDER DENYING ISSUANCE OF A<br>CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

## PROCEDURAL HISTORY

On April 9, 2004, Petitioner filed a motion for summary judgment.  (Doc. 30).  On August 9, 2004, the Court denied Petitioner's motion because deciding Petitioner's summary judgment motion would be essentially equivalent to deciding Petitioner's habeas petition on the merits, and also because Petitioner failed to comply with Local Rule 56-260(a).  (Doc. 32).

On August 26, 2004, Petitioner filed a notice of appeal from the August 9, 2004, order denying his motion for summary judgment. (Doc. 33).  On September 28, 2004, the Court refused to issue Petitioner a certificate of appealability.  (Doc. 35).  Subsequently, Petitioner sought a certificate of appealability in the U.S. Court of Appeals for the Ninth Circuit, which

1  ordered the appeal dismissed for lack of jurisdiction on November 29, 2004. (Doc. 46).  In its

2  order, the Court of Appeals specifically indicated that the order appealed from was not a final

3  order. (Id.).  Petitioner has now filed a second notice of appeal from that same order of August

4  9, 2004, denying his motion for summary judgment. (Doc. 57, p. 1).  Petitioner asserts in his

5  notice of appeal that, contrary to the decision of this Court and the Ninth Circuit,  rulings on

6  motions for summary judgment are indeed final and appealable. (Id. at pp. 2-4).

7                    **LEGAL STANDARD FOR CERTIFICATE OF APPEALABILITY**

8          "If no express request for a certificate is filed, the notice of appeal constitutes a request

9  addressed to the judges of the court of appeals." FED. R. APP. P. 22(b)(3).  A state prisoner

10  seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

11  his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 123

12  S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of

13  appealability is 28 U.S.C. § 2253, which provides as follows:

14          (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
        district judge, the final order shall be subject to review, on appeal, by the court
15          of appeals for the circuit in which the proceeding is held.

16          (b) There shall be no right of appeal from a final order in a proceeding to test the
        validity of a warrant to remove to another district or place for commitment or trial
17          a person charged with a criminal offense against the United States, or to test the
        validity of such person's detention pending removal proceedings.

18
        (c)        (1) Unless a circuit justice or judge issues a certificate of appealability, an
19              appeal may not be taken to the court of appeals from–

20                      (A) the final order in a habeas corpus proceeding in which the
                    detention complained of arises out of process issued by a State
21                  court; or

22                      (B) the final order in a proceeding under section 2255.

23          (2) A certificate of appealability may issue under paragraph (1) only if the
        applicant has made a substantial showing of the denial of a constitutional right.
24
        (3) The certificate of appealability under paragraph (1) shall indicate which
25          specific issue or issues satisfy the showing required by paragraph (2).

26          Therefore, final orders issued by a federal district court in habeas corpus proceedings are

27  reviewable by the circuit court of appeals.  28 U.S.C. § 2253(a).  In order to have final orders

28  reviewed, Petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253(c).  The Court

1  will issue a certificate of appealability when a petitioner makes a substantial showing of the

2  denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, a

3  petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree

4  that) the petition should have been resolved in a different manner or that the issues presented

5  were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 120 S.Ct.

6  1595, 1603-04 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

7          The filing of a notice of appeal generally divests the district court of jurisdiction to

8  determine the "substantial rights" at issue in an action during the pendency of the appeal. Griggs

9  v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (*per curiam*); Bermudez v. Duenas,

10  936 F.2d 1064, 1068 (9th Cir. 1991); Pyrodyne Corp. v. Pyrotronics Corp., 847 F.2d 1398, 1403

11  (9th Cir. 1988); Gould v. Mutual Life Insurance Company of New York, 790 F.2d 769, 772 (9th

12  Cir. 1986); Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984); Davis v. United States, 667

13  F.2d 822, 824 (9th Cir. 1982).  An exception to this rule exists where a deficiency in the notice of

14  appeal "is clear to the district court." Ruby v. Secretary of the United States Navy, 365 F.2d 385,

15  389 (9th Cir. 1966).  Only in such a case can the district court proceed with the case "knowing

16  that it has not been deprived of jurisdiction." Id.

17  **DISCUSSION**

18          Petitioner's request for a certificate of appealability must be denied once again because

19  the denial of a summary judgment motion is an interlocutory order that cannot be appealed before

20  entry of final judgment. E.g., Hopkins v. City of Sierra Vista, 931 F.2d 524, 529 (9th Cir. 1991);

21  Kraus v. County of Pierce, 793 F.2d 1105, 1107 (9th Cir. 1986); see, e.g., Padfield v. AIG Life

22  Ins. Co., 290 F.3d 1121, 1124 (9th Cir. 2002); Easter v. American West Financial, 381 F.3d 948

23  (9th Cir. 2004).   Petitioner's authorities, which deal with the appealability of an order either

24  *granting* a summary judgment motion or resolving all disputes as to a particular issue or party,

25  are not to the contrary.   *Denying* Petitioner's motion for summary judgment does not resolve

26  anything in this habeas case.  All issues remain pending.  Accordingly, the order is not

27  appealable. Chacon v. Babcock, 640 F.2d 221 (9th Cir. 1981) [order is not appalable unless it

28  ///

3

1  disposes of all claims as to all parties); Hopkins v. City of Sierra Vista, 931 F.2d 524 (denial of

2  summary judgment motion is interlocutory and non-appealable).

3       As mentioned, both this Court and the U.S. Court of Appeals for the Ninth Circuit have

4  previously rejected Petitioner's appeal on this same basis.  Since the last time the Court denied

5  Petitioner's request for a certificate of appealability from this non-appealable order, nothing has

6  changed, legally or factually, that would affect the Court's analysis of this issue.

7       Finally, it bears mentioning that Petitioner's repeated appeals of this issue, in essence

8  seeking expedited treatment of his habeas petition, have caused the Court to be divested of

9  jurisdiction to act on his petition until each appeal is resolved and the matter is remanded to this

10  Court. In this manner, Petitioner's repeated filings have delayed, rather than hastened, the day

11  when the Court is able to reach the merits of his petition, because the Court lacks jurisdiction to

12  consider this matter while issues are on appeal.  The Court will reach the merits of Petitioner's

13  habeas petition in due course.

## ORDER

15       In the present case, the Court finds that Petitioner has not made the required substantial

16  showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Accordingly, the Court

17  hereby DENIES Petitioner's request for issuance of a certificate of appealability.

19  IT IS SO ORDERED.

20  **Dated:   May 2, 2005**          **/s/ Theresa A. Goldner**

21  j6eb3d          UNITED STATES MAGISTRATE JUDGE