UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUANARD-ROBINSON, | ) | 1:03-cv-5684-TAG-HC |
| Petitioner, | ) ) | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | ) ) | (Doc. 66) |
| A. W. CRAWFORD, | ) ) | INFORMATIONAL ORDER |
| Respondent. | ) ) ) | |

Petitioner has requested the appointment of counsel. (Doc. 66). This is the second motion for appointment of counsel filed by Petitioner. As was when the Court ruled on the previous motion (Doc. 8), there currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

Petitioner's basis for seeking appointment of counsel is his lack of a legal education and mental problems. (Doc. 66, p. 1). Regarding the former, Petitioner shares this disadvantage with virtually all petitioners. Regarding the second, Petitioner has not presented any evidence from which the Court could conclude that his mental condition is of such a nature as to place him at a significantly greater advantage than other petitioners for whom counsel has been denied. The documents submitted with Petitioner's motion merely indicate that a Rules Violation Report ("RVR") was filed as a result of an incident in which Petitioner got angry at prison employees.

The stated basis for the RVR was "disrespect toward staff." (Doc. 66, Exh. 1). Such evidence does not establish that Petitioner has a mental condition requiring the appointment of counsel. Thus, in the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time. Accordingly, the Court will deny Petitioner's motion for appointment of counsel.

The Court also notes that on several occasions Petitioner has expressed his dissatisfaction with the speed with which this case has proceeded. Petitioner should be aware that the Court has many active habeas cases on its docket. The Court issues a ruling on the merits of each case in the order in which the case becomes ready for a decision on the merits. Petitioner's case is no exception and a decision on the merits of Petitioner's claims will be issued in due course. In addition to ruling on the merits of the cases, the Court also screens all new cases, as required by the Anti-Terrorism and Effective Death Penalty Act, to ensure that those cases move forward. Moreover, petitioners frequently file motions that must be carefully reviewed, researched, and individually addressed by the Court, a process that is in itself quite time-consuming. Each time a petitioner erroneously files a notice of appeal from a non-appealable order–a situation that has occurred several times already in this case–the Court loses jurisdiction over every aspect of the case until the matter has finally been remanded back to this Court from the Ninth Circuit, a process that will delay ruling on even simple motions for months.

## ORDER

Accordingly, IT IS HEREBY ORDERED that petitioner's request for appointment of counsel (Doc. 66), is DENIED.

IT IS SO ORDERED.

Dated:   **February 17, 2006**            **/s/ Theresa A. Goldner**
**j6eb3d**                    UNITED STATES MAGISTRATE JUDGE